UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LYN WATTERS, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.:   5:14CV2390 |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | GEORGE J. LIMBERT |
| SUMMIT COUNTY, OHIO, *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendants. | ) | |

Before the Court is a motion filed by Defendants, Summit County, Ohio, and Summit County Sheriff's Department (collectively, "Defendants") for summary judgment.  ECF Dkt. #48.  Plaintiff has filed a brief in opposition to the motion for summary judgment. ECF Dkt. #55. Defendants have filed a reply brief. ECF Dkt. #56.  Defendants also filed a motion to strike certain evidentiary offerings made in Plaintiff's brief in opposition to a motion for summary judgment. ECF Dkt. #57.  For the following reasons, the Court DENIES Defendants' motion to strike (ECF Dkt. #57), and GRANTS Defendants' motion for summary judgment (ECF Dkt. #48).

**I.      FACTUAL AND PROCEDURAL HISTORY**

On October 27, 2014, Plaintiff filed a complaint in this Court alleging that Defendants violated the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000-e, *et seq.*, as amended ("Title VII"), and state law disability and gender discrimination statutes. ECF Dkt. #1.  In her complaint, Plaintiff alleges that she was employed by Defendants since 1999 as a Deputy Sheriff in the jail and is a female and therefore a member of a protected class for the purposes of Title

VII and Ohio Revised Code § 4112. *Id*. at 2.  She avers that she suffers from a blood clotting disorder and takes blood thinning medications and is a qualified individual with a disability under the ADA. *Id*.

Plaintiff alleges that at the time of the events of which she complains, she was assigned to property room cage duty, and as long as she remained in this assignment, she did not need an accommodation for her disability because she had limited contact with inmates. ECF Dkt. #1. Plaintiff indicates that direct interaction with inmates may place her at risk for injury which could be life-threatening to her because of her blood-clotting disorder. *Id*.  She avers that Defendants were aware of her disability. *Id*.

Plaintiff alleges that in 2011, Defendants announced that the jail would be implementing a restrictive bidding policy which included assigning only men to property room cage duty based on a purported Bona Fide Occupational Qualification ("BFOQ"). *Id*.  Plaintiff alleges that under this BFOQ, she, because of her gender, would be assigned as a "float," which meant her time would be split between intake/booking and security patrol. *Id*.  She avers that working as a "float" exposed her to unreasonable risk because she would face a significantly higher probability of encounters with inmates, which could lead to injuries that would be life-threatening due to her condition. *Id*. at 4.  Plaintiff alleges that she told Captain Nicholas that she could not work as a "float" and if she was removed from property room cage duty, she would have to apply for disability retirement. *Id*.

Plaintiff avers that the new policy went into effect in January of 2012 and she was removed from property room cage duty. ECF Dkt. #1 at 4.  She alleges that she was assigned to the hospital department numerous times in the first half of 2012 and she repeatedly told Defendants that she could not work this assignment because of her disability and the substantial

risk to her health. *Id*.  She avers that "through these conversations, Plaintiff was requesting that Defendants continue to provide her with a reasonable accommodation, to-wit: assignment to the property room." *Id*.  Plaintiff alleges that Defendants forced her to seek a disability retirement because they did not provide her with a reasonable accommodation and she retired effective June 1, 2012. *Id*.  Plaintiff notes that Defendants abandoned their sex-segregated job assignment policy in July of 2012 and she was unable to use her seniority to bid on a job because she was already separated from employment and had begun her retirement. *Id*.

Plaintiff indicates that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 4, 2012, which was amended on October 30, 2012.  The EEOC issued a determination on August 13, 2013 finding reasonable cause to believe that violations of Title VII and the ADA had occurred. ECF Dkt. #1 at 4.  Plaintiff notes that she was one of 20 women deputies who filed suit against Defendants for adopting the BFOQ and in the settlement of that suit, Defendants agreed that Plaintiff's claims in her EEOC charges would not be resolved or affected by the Consent Decree from the settled suit. *Id*.

In the instant complaint, Plaintiff alleges that Defendants violated the ADA by failing to reasonably accommodate her disability and by retaliating against her and interfering with her rights under the ADA. ECF Dkt. #1 at 5-6.  Plaintiff also alleges that Defendants violated state law disability discrimination statutes Ohio Revised Code §§ 4112.01, *et seq*., and 4112.99. *Id*. at 5. She further avers that Defendants violated Title VII and Ohio Revised Code §§ 4112.02(A) and 4112.99 by discriminating against her due to her gender and also retaliated against her in violation of those statutes. *Id*. at 7.

On December 22, 2014, Defendants filed an answer to the complaint. ECF Dkt. #15.  On February 8, 2016, Plaintiff filed a motion for leave to file her first amended complaint. ECF Dkt.

#39.  On February 22, 2016, Defendants filed a brief in opposition to Plaintiff's motion for leave.

ECF Dkt. #41.  On February 26, 2016, Plaintiff filed a reply brief. ECF Dkt. #42.  On March 22,

2016, the Court denied Plaintiff's motion for leave to file a first amended complaint. ECF Dkt.

#47.  The original complaint, therefore, stands with only Counts 1, 2, and 3 remaining, and

Counts 4, 5, 6, and 7 dismissed without prejudice. *Id.*

On March 29, 2016, Defendants filed the instant motion for summary judgment. ECF

Dkt. #48.  On May 6, 2016, Plaintiff, with leave of the Court, filed an opposition to Defendants'

motion for summary judgment. ECF Dkt. #55.  On May 20, 2016, Defendants filed a reply in

support of a motion for summary judgment. ECF Dkt. #56.

Accompanying the reply, Defendants also filed the instant objections pursuant to Rule

56(c)(2) of the Federal Rules of Civil Procedure and a motion to strike certain evidentiary

offerings in Plaintiff's opposition. ECF Dkt. #57.  On June 2, 2016, Plaintiff filed an opposition

to Defendants' motion to strike. ECF Dkt. #58.  On June 9, 2016, Defendants filed a reply in

support of the motion to strike. ECF Dkt. #59.

## II.  MOTION TO STRIKE

### A.  STANDARD OF REVIEW

Rule 56(c)(2) of the Federal Rules of Civil Procedure governs the standard for reviewing

objections to the admissibility of evidence to support an assertion in connection with a motion

for summary judgment.  Motions to strike are no longer appropriate for summary judgment and

should be construed as objections under Fed.R.Civ.P. 56(c)(2). *See, generally, Reed v. Austal*

*U.S.A., LLC*, No. 08-155 (S.D.Ala. Sept. 23, 2011), 2011 WL 4425562.  A party may object that

the material cited to support or dispute a fact cannot be in a form that would be admissible in

evidence. Fed.R.Civ.P. 56(c)(2).  The objection functions much as an objection at trial, adjusted

4

for the pretrial setting. Fed.R.Civ.P. Adv.Comm. Notes (2010 Ammendments).  The burden is on the proponent to show that the material is admissible. *Id*.  "Only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1994)).

Under Rule 56, "an affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4). "[T]he Court must only strike the inadmissible portions of a [declaration], rather than the whole [declaration]." *Smith v. Interim HealthCare of Cincinnati, Inc.*, No. 1:10-cv-582, 2011 WL 6012971 (S.D. Ohio Dec. 2, 1011).  Furthermore, it is the defendant's obligation to specifically identify which statements in the declaration should be struck. *Id*.  A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed.R.Evid. 602.  This evidence may consist of the witness's own testimony. *Id*.  When considering a dispute over assertions of fact as required by Fed.R.Civ.P. 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order. Fed.R.Civ.P. 56(e).

**B.    LAW AND ANALYSIS**

**1.    Attachments to Plaintiff's Memorandum in Opposition**

Defendants object to the following exhibits as being unauthenticated: (1) the correspondence from Bruce Elfvin to the EEOC with attachments (ECF Dkt. #55-2); (2) a non-

certified copy of the EEOC's Determination (ECF Dkt. #55-9); (3) letters from Attorney James

Budzik to the EEOC (ECF Dkt. #55-6, 55-8); (4) Dr. Massien's report to OPERS, Exhibit 15 to

Donna Nicholas's deposition; and (5) Summit County's response to the EEOC's Request for

Information (ECF Dkt. #55-7). ECF Dkt. #57.

The 2010 Amendments to Rule 56 of the Federal Rules of Civil Procedure eliminated the

requirement that records relied on in support or opposition to a summary judgment motion must

be authenticated. *See Swank v. Hale*, No. 2:12-cv-1031, 2016 U.S. Dist. LEXIS 38706 (S.D.

Ohio Mar. 24, 2016) at *5.  The 2010 Amendments replaced the requirement with the far more

lenient subsection (c)(1)(A), which allows reliance on both authenticated and unauthenticated

evidence in support or opposition to summary judgment. Fed.R.Civ.P. 56(c)(1)(A).

Additionally, the Advisory Committee noted that a party may *either* refer to materials already in

the record or "may place such materials into the record by attaching them to the summary

judgment motion." *Swank*, 2016 U.S. Dist. LEXIS 38706 at *7. *See also Smith v. Interim

HealthCare of Cincinnati, Inc.*, No. 1:10-cv-582, 2011 U.S. Dist. LEXIS 138885 (S.D. Ohio

Dec. 2, 2011) at *12.

Federal Rule of Civil Procedure 56(c)(2) provides, "A party may object that the material

cited to support or dispute a fact **cannot** be presented in a form that would be admissible in

evidence" (emphasis added).  The objection pursuant to Rule 56(c)(2) is "not that the material

'has not' been submitted in admissible form, but that it '**cannot**' be." *B&S Transp., Inc. v.

Bridgestone Ams. Tire Operations, LLC*, No. 5:13-cv-2793, 2016 U.S. Dist. LEXIS 36268 (N.D.

Ohio Mar. 21, 2016) at *13 (quoting *ForeWord Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-cv-

1144, 2011 U.S. Dist. LEXIS 125373 (W.D. Mich. Oct. 31, 2011)).  The court may, therefore,

allow the proponent an opportunity to properly support or address the fact, or "propose a method

for doing so at trial." *See ForeWord Magazine, Inc.*, 2011 U.S. Dist. LEXIS 125373 at *6; Fed.R.Civ.P. 56(e).

In reviewing Defendants' objections and the challenged exhibits, the Court finds the objections meritorious. Accordingly, Plaintiff must support the exhibits, or propose a method for doing so at trial. The Court finds that Plaintiff properly supported or addressed the objections made by Defendants. As to this this group of exhibits, Plaintiff asserts that "for the purpose of summary judgment, Mr. Elfvin can authenticate these documents as a 'witness with knowledge' under Evid. R. 901." ECF Dkt. #58 at 5. Plaintiff further asserts that the documents Defendants object to may be authenticated at trial "by way of witnesses identified on Supplemental Initial Disclosures provided to Defendants." *Id.* Additionally, Plaintiff asserts these documents were all submitted to either the EEOC or OPERS and are easily authenticated. As to Defendants' claim that Dr. Massien's report constitutes hearsay, the Court agrees with Plaintiffs that Defendants offer no analysis or legal authority in support of the claim. *Id.* at 6-7. For these reasons, the Court finds that the five challenged documents are admissible as evidence offered in support of Plaintiff's brief in opposition of the motion for summary judgment.

## 2. Declaration of Cynthia Young

Defendants also challenge Plaintiff's submission of the declaration of Cynthia Young. In the instant case, Defendants object to the following statements in Cynthia Young's Declaration: paragraphs 5, 6, 7, 10, 11, 13, 14, 15, and 16. Defendants provide individual challenges to each of these statements. ECF Dkt. #57.

Among the options available to the Court under Rule 56(e) of the Federal Rules of Civil Procedure, the Court may elect to not strike any portions of a party's affidavit or declaration, even if it contains some statements that would be inadmissible. *Roshen v. IBM*, No. 2:14-CV-

7

260, 2016 U.S. Dist. LEXIS 32543 (S.D. Ohio Mar. 14, 2016), at *29.  Instead, the Court may

choose to "consider only evidence that would be admissible under Rule 56 in ruling on [a

party's] Motion for Summary Judgment." *Id*.

Under Rule 56, "an affidavit or declaration used to support or oppose a motion must be

made on personal knowledge, set out facts that would be admissible in evidence, and show that

the affiant or declarant is competent to testify on the matters stated." Fed.R.Civ.P. 56(c)(4).  A

witness may use their own testimony as evidence for having personal knowledge on a matter.

Fed. R. Evid. 602.  The witness must still, however, provide a factual basis for their claim of

personal knowledge. *See United States v. Harris*, 200 F. App'x 472, 489 (6th Cir. 2006) (citing

*Hilgraeve, Inc. v. Symantec Corp.*, 271 F. Supp. 2d 964 (E.D. Mich. 2003)).

The standard for the factual basis required for admitting testimony under Rule 602 is low.

*Id*.  A declaration or affidavit should not be excluded for lack of personal knowledge "unless *no*

reasonable juror could believe that the witness had the ability and opportunity to perceive the

event that he testifies about." (emphasis added). *Id*; *See also Jain v. Memphis Shelby Cty. Airport

Auth.*, No. 08-2119-STA-dkv, 2010 U.S. Dist. LEXIS 16806 (W.D. Tenn. Feb. 22, 2010) at *5.

A party will satisfy this burden if they "indicate *any* factual basis which would tend to show that

he had personal knowledge of the matter." *See Hout v. City of Mansfield*, No. 1: 04 CV 1127,

2008 U.S. Dist. LEXIS 27014 (N.D. Ohio Apr. 3, 2008) at *7 (quoting *Davis v. Chicago*, 841

F.2d 186 (7th Cir. 1988)).  And while, ideally, a declaration will explicitly state the basis for the

factual assertions, in some instances, personal knowledge may be inferred from the content of

the declaration. *See Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F. Supp. 2d 948, 956

(S.D. Ohio 2000) (discussing Fed.R.Civ.P. 56(e), which is now under subdivision 56(c)(4)).

8

In her declaration, Ms. Young states that she worked at the Summit County Jail since 1998 and worked in Intake – the same department where Plaintiff worked – from 2010 to 2015. ECF Dkt. #55-3 at ¶1.  It is plausible to conclude from the fact that Ms. Young worked at the Jail for nearly twenty years, and worked in the same department as Plaintiff for five years, that she has *some* factual basis for her claim of personal knowledge.

Despite what Defendants claim in their objections to paragraphs 5 and 7, Ms. Young worked in a close enough proximity to the Property/Release assignment to observe that the same deputies were consistently placed on the assignment.  ECF Dkt. #55-3 at ¶5.  Moreover, Ms. Young *can* attest to the actions of the supervisors, and from those observations personal knowledge may be inferred.  It also follows that Ms. Young would have the opportunity to observe Plaintiff's job performance and make a personal assessment of Plaintiff's abilities. ECF Dkt. #55-3 at ¶6.  The statements that Ms. Young makes in paragraphs 10 and 11 are based only on her personal experience.  *See* ECF Dkt. #55-3 at ¶¶ 10-11.  Even Defendants admit that paragraph 13 "simply contains Ms. Young's opinion" (ECF Dkt. #57, at *4), and Ms. Young represents that the entire statement is "based on [her] experience." ECF Dkt. #55-3 at ¶13.  As to the statements made in paragraph 14, it is not disputed that Plaintiff suffers from a medical disability that requires the taking of blood thinners. Paragraph 15 contains Ms. Young's observations and personal assessment and opinion of those who work at the Summit County Jail as "law enforcement officers . . . particularly supervisors." ECF Dkt. #55-3 at ¶15.

The challenged statements would be admissible for the aforementioned reasons, and as such will be considered by the Court when deciding on the Defendants' motion for summary judgment.  Defendants' objections are less of a challenge to admissibility, and are in fact challenging the credibility of Ms. Young's statements.

Based on the foregoing reasons, the Court OVERRULES Defendants' motion to strike, which is construed as an objection to Plaintiff's evidence under Rule 56(c)(2) of the Rules of Civil Procedure. ECF Dkt. #57.

## III.    MOTION FOR SUMMARY JUDGMENT

Turning now to Defendants' motion for summary judgment, Defendants argue that there are no genuine issues of material fact in this case and that they are entitled to judgment as a matter of law. ECF Dkt. #48.

### A.    STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  Upon filing a motion for summary judgment, the movant has the initial burden of establishing that there are no genuine issues of material fact as to an essential element of the opposing party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). The movant is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof. *Id*.  A fact is "material" only if its resolution will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986).  Whether a factual issue is "genuine" or not is determined by consideration of the applicable evidentiary standards. *Id*. at 252.

In response, if the movant establishes the absence of a genuine issue of material fact, in order to defeat summary judgment, the opposing party may not rely solely upon allegations or denials in its own pleading, but must set out specific factual evidence showing a genuine issue for trial. *See Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  In this regard, the opposing party must show more than a scintilla of evidence to overcome summary judgment; it

is not enough for the opposing party to show that there is some metaphysical doubt as to material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  "In other words, the movant can challenge the opposing party to 'put up or shut up' on a critical issue." *BDT Prods. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 331 (6th Cir. 2005).

Accordingly, the ultimate inquiry for the Court is whether the record, as a whole, and upon viewing it in the light most favorable to the non-moving party, could lead a rational trier of fact to find in favor of the non-moving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87; *see also Anderson*, 477 U.S. at 252.

**B.    LAW AND ANALYSIS**

**1. Plaintiff's ADA Accommodation Claim**

Since the elements of a disability claim are essentially the same under the ADA and the Ohio statute, and "Ohio case law tends to suggest it entails the same legal analysis," the Court will address them together. *Brenneman v. MedCentral Health Sys.*, 366 F.3d 412, 418 (6th Cir. 2004).  In order to establish a prima facie case of a failure to accommodate claim under the ADA, a plaintiff must show that: (1) she is disabled within the meaning of the Act; (2) she is otherwise qualified for the position, with or without reasonable accommodation; (3) her employer knew or had reason to know about her disability; (4) she requested an accommodation; and (5) the employer failed to provide the necessary accommodation. *Judge v. Landscape Forms, Inc.*, 592 F. App'x 403, 407 (6th Cir. 2014); *See also Johnson v. Cleveland City Sch. Dist.*, 443 F.App'x 974, 982-83 (6th Cir. 2011).  Defendants argue that there are no genuine disputes of material fact and that Plaintiffs fail to meet elements 2 and 4 of her ADA accommodation claim.

Defendants first argue that Plaintiff is not a "qualified individual with a disability." ECF Dkt. #48 at 12. In order for an employee to be qualified for a job position – with or without an accommodation – they must be able to "perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. §§ 12111(8). Defendants assert that interacting with inmates is an essential function of the Deputy Sheriff position. *See generally* ECF Dkt. #48. Further, Defendants hold that Plaintiff's treating physician, as well as Plaintiff herself, admitted that she was disabled and unable to perform the job duties attached to the position of Deputy Sheriff. ECF Dkt. #48 at 12. Defendants aver that even with a reasonable accommodation, Plaintiff would be unable to perform the essential duties of her job because it is nearly impossible to avoid interacting with inmates when working in a jail. *Id*. at 13.

Plaintiff states that issues of whether or not interacting with inmates is an essential function of a Deputy Sheriff is a question of fact, and therefore summary judgment is improper. ECF Dkt. #55 at 19. Plaintiff cites to the Sixth Circuit Court of Appeals, holding that "whether a job function is essential is a question of fact that is typically not suitable for resolution on a motion for summary judgment." *Rorrer v. City of Stow*, 743 F.3d 1025, 1039 (6th Cir. 2014). Actually, Plaintiff's use of *Rorrer* is misleading. In that case, the employer equivocated in regards to the job function of firefighters. The job function in question – driving – was permitted by the employer "as a matter of choice" and the written job description stated firefighters *may* operate vehicles. *Id*. at 1034.

The Court is not precluded from determining that a specific function is essential to a job position. "Whether a function is essential is evaluated on a case-by-case basis by examining a number of factors." *Id*. at 1039. The central factors included in the determination are "the employer's judgment as to what functions of a job are essential, and if the employer prepared a

written description [of the job]." 42 U.S.C. § 12111(8).  If the employer was clear that the job function was unequivocally essential, they are still entitled to summary judgment if the employee is unable to perform the function with or without reasonable accommodations. *See Wagner v. Sherwin-Williams Co.*, No. 14-178-ART, 2015 U.S. Dist. LEXIS 116882 (E.D. Ky. Sep. 2, 2015) at 14-15.

In the instant case, the Summit County Sheriff's Office Classification Specification lacks any explicit mention of discretionary authority of deputies when it comes to interacting with inmates. ECF Dkt. #48-4.  In fact, the job responsibilities of a Deputy Sheriff specifically include "provid[ing] security for correctional facilities" and section 1B of the illustrative duties in the written job description lists "Maintains security and discipline of inmates in jail facility" among numerous ways Deputy Sheriffs are required to interact with inmates as a function of their job. *Id.*  Further, Plaintiff herself agreed that each of the positions she held – the Intake Deputy position *and* the Float position – listed job responsibilities as providing security and performing other duties, such as assisting other deputies on duty. ECF Dkt. #48-2 at 21. Interacting with inmates in some fashion is therefore an essential function of being a Deputy Sheriff.

Defendants argue that Plaintiff is not capable of interacting with inmates, and therefore cannot perform an essential job function, even with an accommodation.  Plaintiff herself makes several admissions to not being able to perform her job duties. *See* ECF Dkt. #48-11.  Plaintiff specifically admits that, "Working at the jail [she has] to deal with a large quantity of inmates on a daily basis some of which are violent and any of them could become violent at any moment." *Id.*  Furthermore, in his determination of Plaintiff's disability, Dr. Katirji responded "**no**" to "Can [Plaintiff] return to work with restrictions and/or limitations?" ECF Dkt. #48-2 at 76.  Even if

13

Plaintiff was provided an accommodation she would – according to her physician – not be able to return to work and perform the essential functions of a Sheriff Deputy.  While Plaintiff is clearly disabled, the Court finds that Plaintiff is not a "*qualified individual* with a disability" because she cannot perform an essential function of her position.  Therefore, without the possibility of a reasonable accommodation, Plaintiff's ADA Accommodation claim fails under its second element.

A reasonable accommodation "does not include removing an 'essential function' from the position, for that is *per se* unreasonable." *EEOC v. Ford Motor Co.*, 782 F.3d 753, 761 (6th Cir. 2015) (citing *Brickers v. Cleveland Bd. of Educ.*, 145 F.3d 846, 850 (6th Cir. 1998)). Plaintiff argues that "[w]hile [generally] interacting with inmates is certainly an essential function of the Deputy Sheriff job," the accommodation she sought was not to eliminate *all* interactions with inmates, but to simply minimize them. ECF Dkt. #55 at 20-21.  Defendants cite case law indicating that interacting with inmates is a general part of daily life at a jail, regardless of position, and that no position at the jail can guarantee *less* interaction with inmates. ECF Dkt. #48 at 13.  The Court finds that Plaintiff has provided evidence showing that, while there is no guarantee of eliminating interaction with inmates altogether, there may be some positions at the jail that involve less risk of inmate altercations. *See* ECF Dkt. #55-3 at ¶12.  However, this is not a genuine issue of material fact because the Court finds that Plaintiff's proposed accommodation would be unreasonable *regardless* of whether certain positions involve a different amount of inmate interaction.

In order to provide a reasonable accommodation, an employer may be required to (1) modify the responsibilities of a disabled employee's existing job, or (2) transfer the employee to a vacant position with different responsibilities. 42 U.S.C. 12111(9).  Defendants may have

14

altered Plaintiff's responsibilities by insulating her from risks of inmate altercations.  The Court

finds that even if Defendants altered Plaintiff's duties in the Float position, or even as an Intake

deputy, that the resulting accommodation would be unreasonable under the ADA.  First of all,

doing so would ultimately defeat the purpose of and alter the essential nature of the Float

position.  Even the Intake/Release position, which Plaintiff argues constitutes an

accommodation, involves explicitly and personally interacting with inmates, with no guarantee

that the inmates will be non-combative. *See* ECF Dkt. #48-7; *see also* ECF Dkt. #48-2 at 13.  By

altering such an essential function, Defendants would be creating a personally-tailored position

for Plaintiff, which would be an unreasonable accommodation on its face.  Additionally, by

removing the responsibility of interacting with inmates altogether from Plaintiff, the

responsibilities would need to be placed onto another deputy entirely. *See Wardia v. Justice &*

*Pub. Safety Cabinet Dep't of Juvenile Justice*, 509 F. App'x 527 (6th Cir. 2013) (holding that

both reallocating essential functions and converting positions from rotating to permanent are *not*

reasonable accommodations).

Even if the Intake/Release position amounted to a reasonable accommodation for

Plaintiff, an employer is only required to transfer a disabled employee to a "**vacant** position." 42

U.S.C. 12111(9).  At the time the Bona Fide Occupational Qualification ("BFOQ") plan was

being implemented, employees bid on positions within the jail and those positions were assigned

and filled based on seniority. ECF Dkt. #55 at 7; ECF Dkt. #49 at 121-29.  The "Female Float"

position was Plaintiff's third option and where she was finally assigned, meaning that the

daytime Intake positions she chose as her first two options were filled by other deputies. *Id.*  It

follows that by transferring Plaintiff to the Intake position, which was *not* vacant, Defendants

would be unfairly removing another deputy from the position.  Additionally, Plaintiff had the

afternoon and evening Intake positions available to her during the BFOQ bidding process and could have avoided being assigned to a Float position altogether. ECF Dkt. #48-2 at 3, 10. Defendants were not required to provide Plaintiff with her *preference*, especially by displacing other employees from positions that they were fairly granted by means of a seniority-based process.  Transferring Plaintiff to the Intake position would not have been a reasonable accommodation.

Defendants also argue that Plaintiff failed to request a reasonable accommodation.  The employee "bears the burden of proposing an accommodation that will permit her to effectively perform the essential functions of her job." *Ford Motor Co.*, 782 F.3d at 763, citing *Jakubowski v. Christ Hosp., Inc.*, 627 F.3d 195, 202 (6th Cir. 2010).  Defendants' argue that Plaintiff never requested an accommodation to eliminate interaction with inmates. ECF Dkt. #48 at 14.  Plaintiff argues in her objection that there is only a need for the employee to *notify* the employer of a need for an accommodation. ECF Dkt. #55 at 21.  According to Plaintiff, once an employee shows that her employer refused to provide a reasonable accommodation, the burden shifts to the employer to show that the accommodation would have imposed an "undue hardship." *Id* (citing *U.S. Airways v. Barnett*, 535 U.S. 391, 401 (2002)).

In fact, the burden to show that an accommodation would impose undue hardship only shifts to the employer after the employee "show[s] that an 'accommodation' seems reasonable on its face." *Barnett*, 535 U.S. 391, at 401.  The focus is not on whether or not the proposed accommodation was refused or not – or even whether or not it was *even requested* – but on whether or not the accommodation is "reasonable on its face."  The Court has already decided that interacting with inmates is an essential function of Deputy Sheriffs and Plaintiff's proposed accommodations are unreasonable.  Therefore, whether Plaintiff requested an accommodation –

or if notice of a need for an accommodation is sufficient – is not a material issue.  Even if

Plaintiff requested an accommodation, Plaintiff fails to defeat Defendants' motion for summary

judgment in regards to the second element of her ADA failure-to-accommodate claim.

Therefore, for the above reasons, the Court GRANTS Defendants' motion for summary

judgment in regards to this claim.

### 2. Plaintiff's Retaliation and Interference Claim

In her retaliation and interference claim, Plaintiff alleges that after she told Defendants of

her disability and requested accommodations, Defendants retaliated by assigning her to

increasingly riskier job positions. ECF Dkt. #1; ECF Dkt. #55 at 24-25.

Under the ADAAA, no person shall discriminate against any individual because "such

individual has opposed any act or practice made unlawful by this Act" or "interfere with any

individual in the exercise or enjoyment of . . . any right granted or protected by this Act." 42

U.S.C. § 12203(a)-(b).  A person's status as a "qualified individual with disability" is not

relevant in assessing that person's claim for retaliation under the ADA.  "A plaintiff may prevail

on a disability-retaliation claim 'even if the underlying claim of disability fails'." *Bryson v. Regis

Corp.*, 498 F.3d 561, 577 (6th Cir. 2007).  The retaliation provision protects "any individual"

and unlike the underlying claim of disability, does not require the plaintiff to prove that they are

disabled within the meaning of the Act.  Accordingly, the Court moves forward in separately

analyzing Plaintiff's retaliation and interference claim.

The Court applies the burden-shifting framework developed for claims of discrimination

proposed in *McDonnell Douglas Corporation v. Green* and adopted by the Sixth Circuit. *See

generally Gribcheck v. Runyon*, 245 F.3d 547 (6th Cir. 2001).  First, the plaintiff must set forth a

prima facie case of discrimination. *Id*. at 550.  The burden then shifts to the employer to

"articulate some legitimate, nondiscriminatory reason" for its actions. *Id*.  If the defendant carries

this burden, the plaintiff must then prove by a preponderance of the evidence that the reasons

offered by the employer were a pretext for discrimination. *Id*.  However, "[t]he ultimate burden

of persuasion remains at all times with the plaintiff." *Id*.

As Plaintiff points out, the burden for establishing a prima facie case for discrimination is

a "low hurdle." *Id*. at 551.  There are four elements to a prima facie case of retaliation: (1) the

plaintiff engaged in legally protected activity; (2) the defendant knew about the plaintiff's

exercise of this right; (3) the defendant than took employment action adverse to plaintiff; and (4)

the protected activity and adverse employment action are causally connected. *See Wrenn v.

Gould*, 808 F.2d 493, 501 (6th Cir. 1987); *see also Runyon*, 245 F.3d, at 551.

Requesting an accommodation is a protected activity. *See A.C. v. Shelby Cty. Bd. of

Educ.*, 711 F.3d 687, 698 (6th Cir. 2013).  While Defendants assert that Plaintiff had not

followed jail protocol for requesting an accommodation, Defendants do not dispute that Plaintiff

made her preference to work in Intake known to supervisors.  Thus, the Court finds that the first

two elements of the retaliation and interference claim are satisfied.  Further, Defendants *did* shift

Plaintiff's assignments, which she alleges placed her in riskier situations due to the chances of

inmate interaction and her health condition.  As to the fourth element, a plaintiff may

demonstrate the causal connection by establishing the proximity of the adverse employment

action to the protected activity. *Runyon*, 245 F.3d, at 551.  Here, Defendants' moving of

Plaintiff's assignments occurred at about approximately the same time as Plaintiff asserts that

she informed Defendants of her accommodation requests.  Viewing the shifts of Plaintiff's

assignments by Defendants in a light most favorable to Plaintiff, the Court finds that Plaintiff

satisfies the prima facie case for retaliation.

18

Defendants point out that all of the jobs that they assigned to Plaintiff were well within the scope of her position.  ECF Dkt. #48 at 17; ECF Dkt. #56 at 10.  They also assert that Plaintiff selected the Float position through the jail's bidding process, a fact Plaintiff herself admits. ECF Dkt. #48-2 at 10.  Defendants indicate that Plaintiff told her supervisor that she would be willing to work where she was needed, but she *preferred* not to work in certain assignments (such as the housing pods). ECF Dkt. #48-6 at 5.  She had the option to work Intake in the afternoon or evening, but decided to bid on the Float position as her third option, even though she had no limitations as to the time of day she could have worked. ECF Dkt. #48-2 at 3.  If Plaintiff elected to bid on an afternoon or evening shift, she would have been guaranteed an assignment in Intake, her preferred department. *Id*. at 104.  After she fairly received the Float position, there is no showing that Defendants did anything indicating that they acted outside of the duties listed in the job description.  Therefore, Defendants have provided a satisfactory reason for their actions and the burden shifts back to Plaintiff.

Since Defendants have provided a legitimate, nondiscriminatory reason for their actions, Plaintiff must demonstrate that a reasonable jury could find by a preponderance of the evidence that Defendants' stated reasons are pretextual. *See Runyon*, 245 F.3d, at 552.  In other words, "a plaintiff must take the extra step of presenting evidence to show that the reasons given are an attempt to cover up the employee's alleged real discriminatory motive." *Id*.  Plaintiff fails to carry this burden.  In Plaintiff's response to Defendants' motion for summary judgment, Plaintiff offers no evidence demonstrating Defendants' stated reason for assigning her to certain departments within her classification and some which she actually selected, were provided to cover up a discriminatory motive.

19

Accordingly, for the above reasons, the Court GRANTS Defendants' motion for summary judgment in relation to Plaintiff's ADAAA retaliation and interference claim. ECF Dkt. #48.

**IV.**     **CONCLUSION**

For the foregoing reasons, the Court OVERRULES Defendants' motion to strike. ECF Dkt. #57.  The Court also GRANTS Defendants' motion for summary judgment and dismisses with prejudice the remainder of pending claims in Plaintiff's complaint at Plaintiff's costs (Counts 1, 2, and 3). ECF Dkt. #48.

**IT IS SO ORDERED.**


Dated: June 29, 2016                              _____/s/George J. Limbert_____
                                                   GEORGE J. LIMBERT
                                                   U.S. MAGISTRATE JUDGE